O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7139 PSG (CWx) | Date | February 16, 2010 |
|---|---|---|---|
| Title | United States of America v. Quantum Production Services, LLC *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Finding Responses to December 22, 2009 OSC Insufficient and Dismissing Case

On October 1, 2009, Plaintiff United States of America filed this action against Defendants Quantum Production Services, LLC ("Quantum"), Terry E. Kennedy ("Kennedy"), and Dale T. Smith, seeking a declaration of the rights of the parties concerning $6 million presently in the registry of the United States District Court for the Central District of California. The $6 million was deposited with the registry of the Court by Steven Kent Austin, in connection with a criminal suit against Austin for offenses relating to an investment fraud scheme. *See United States of America v. Steven Kent Austin,* CV 07-1071 MMM. In that criminal action, Austin has been ordered to pay in excess of $17 million in restitution to the victims of his scheme, and his $6 million deposit is designated to be applied toward that amount.

Defendants, however, contend that they hold a superior interest in that $6 million. In fact, in June 2009 Defendants Quantum and Kennedy filed an action in this Court, *see Quantum Production Services, LLC et al. v. Steven Kent Austin et al.,* CV 09-5087 PSG (CWx), alleging that the $6 million deposit is the fruit of money fraudulently conveyed by Austin to himself from TAG Entertainment Corp. ("TAG"), a company against which Quantum and Kennedy claim to hold a California Superior Court judgment in excess of $3 million.[1] *Quantum and Kennedy OSC Response* 2:22-28. On November 19, 2009, however, the Court dismissed Quantum's and Kennedy's suit on the grounds that it was barred by the principles of sovereign immunity. That

---

[1] Defendant Dale T. Smith sought unsuccessfully to intervene as a plaintiff in the action. He, too, claims to hold a substantial state court judgment against TAG.

**O**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7139 PSG (CWx) | Date | February 16, 2010 |
|---|---|---|---|
| Title | United States of America v. Quantum Production Services, LLC *et al.* | | |

decision is currently on appeal.

On December 22, 2009, the Court issued an order to show cause ("OSC") in the present action, requesting that Plaintiff United States show cause in writing why this Court should exercise its discretion to entertain this suit under 28 U.S.C. § 2201(a). On January 12, 2010, Plaintiff United States and Defendants Quantum and Kennedy filed responses to the OSC. Both responses urge the Court to exercise its discretion to entertain the action.

It is well established that even though jurisdiction may exist under the Declaratory Judgment Act, the granting of declaratory judgments is at the discretion of the district court. *See Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). Among the district court's proper considerations is "whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage." *See Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 n. 5 (9th Cir. 1998). In addition, the court may consider the availability and relative convenience of other remedies. *See id.*

Here, the Court finds that this action is being sought for procedural and "res judicata" advantages and that other, more appropriate remedies are available to the parties. In particular, the Court perceives that the parties seek to maintain this action in order to advantage themselves in the civil and criminal actions mentioned above, in both of which the parties' competing interests in the $6 million are either necessarily or potentially at issue. Moreover, Defendants Quantum and Kennedy represent that on December 16, 2009 TAG filed a Chapter 7 bankruptcy petition in this district, and that the parties' competing interests in the $6 million may well be litigated in that action, too. *See Quantum and Kennedy OSC Response* 4:25-27, 8:8-9:12. For these reasons, then, the Court declines to exercise its discretion to entertain the present action. The Court therefore dismisses the action.

**IT IS SO ORDERED.**